IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-03004-M-RJ

STEPHANIE DIANNA ELLIOTT, )
)
    Plaintiff, )
)
v. ) ORDER
)
RHONDA G. YOUNG, )
)
    Defendant. )

On January 8, 2024, Stephanie Dianna Elliott ("plaintiff"), a federal inmate proceeding without prepayment of fees, filed *pro se* the instant complaint. See [D.E. 1, 2, 8].

The court now conducts review pursuant to 28 U.S.C. § 1915 and, for the reasons discussed below, dismisses the complaint without prejudice.

Legal Standard:

When reviewing applications for leave to proceed without prepayment of fees, the court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Discussion:

Plaintiff names as defendants Rhonda Young and Young Law Office, PLLC, of Raleigh, North Carolina. See Compl. [D.E. 1] at 1. Attorney Young was plaintiff's court-appointed counsel for a 31-count federal indictment. Id. at 2. Plaintiff alleges, *inter alia*, that Attorney Young: neglected to investigate the case; failed to file motions; entered a "plea agreement without [plaintiff's] approval"; was unprepared for a sentencing hearing; lied to plaintiff on numerous occasions; abandoned plaintiff and the case by not visiting; and committed legal malpractice. See id. at 2–3. Plaintiff seeks "$2,000,000.00 in legal malpractice settlement." Id. at 3.

On September 30, 2021, in this judicial district, plaintiff, then represented by Attorney Young, pleaded guilty, pursuant to a written plea agreement, to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of money laundering, in violation of 18 U.S.C. § 1957. See Mem. of Plea [D.E. 43], United States v. Elliot, No. 5:21-cr-00142-D (E.D.N.C. Oct. 4, 2021).

Plaintiff now is incarcerated at F.C.I. Aliceville, in Pickens County, Alabama. See BOP Inmate Locator, http://www.bop.gov/inmateloc/ (search by inmate number) (visited June 7, 2024).

2

"It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) ("Owen"). "A cause of action may be maintained in federal court only if it involves a question of federal law, or if the controversy is between citizens of different states and the amount in controversy exceeds $75,000." Hall v. Curran, 599 F.3d 70, 70 (1st Cir. 2010) (citing 28 U.S.C. §§ 1331, 1332).

The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). The court must determine if a valid basis for its jurisdiction exists and "dismiss the action if no such ground appears." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998); see Fed. R. Civ. P. 12(h)(3). A party's failure to establish subject-matter jurisdiction may be raised at any time by any party or by the court. See Arbaugh, 546 U.S. at 506–07.

Because the complaint does not assert any claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, the court lacks federal question jurisdiction. See Hall, 599 F.3d at 71; cf. Daker v. Alston & Bird LLP, No. 21-11363, 2022 WL 1224140, at *3 (11th Cir. Apr. 26, 2022) (per curiam) (unpublished); Cohen v. Hurson, 623 F. App'x 620, 620–21 (4th Cir. 2015) (per curiam) (unpublished).

Plaintiff apparently seeks to proceed under the court's diversity jurisdiction. See Compl. Attach. [D.E. 1-2]; see also 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States"), (c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

3

Diversity jurisdiction, however "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Owen, 437 U.S. at 373 (emphasis original). "In cases involving prisoners, the courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration, even if he is subsequently incarcerated in a different state." Hall, 599 F.3d at 72; see Daker, 2022 WL 1224140, at *2.

Despite her present incarceration in Alabama, plaintiff does not rebut the presumption that she retains North Carolina citizenship. See Compl. [D.E. 1] at 1 (listing a North Carolina release address); Elliot, No. 5:21-cr-00142-D (E.D.N.C. Mar. 14, 2022), Presentence Report [D.E. 53] at ¶44 (discussing both plaintiff's long-term residence in Fayetteville, North Carolina, a city in Cumberland County, where, prior to her arrest, she rented an apartment, and her intent to reside in Raeford, North Carolina, after any period of incarceration); Compl. Attach. [D.E. 1-2] (listing her address at F.C.I. Aliceville, but her county of residence as "Cumberland," *not* Pickens County, Alabama, and listing defendants' principal place of business as Wake County, North Carolina).

"Because [plaintiff] did not include in [her] complaint any allegations relevant to [plaintiff's] citizenship, [plaintiff] did not meet [her] obligation to allege facts sufficient to establish subject matter jurisdiction[.]" Cohen, 623 F. App'x at 621.

To the extent plaintiff instead seeks relief under 42 U.S.C. § 1983, because defense attorneys, whether privately retained, appointed by the state, or employed as public defenders, do not act under color of state law when performing traditional functions as counsel, Attorney Young is not amenable to suit under § 1983 on the facts alleged in the complaint. See, e.g., Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (collecting cases); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam).

4

Finally, because plaintiff's complaint cannot be cured by amendment, dismissal is appropriate, see Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015), and the court declines to exercise supplemental jurisdiction over any lingering state-law claims, see 28 U.S.C. § 1367(c)(3) (granting courts discretion to decline supplemental jurisdiction over a pendent State claim where the court has dismissed all claims over which it has original jurisdiction); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (noting "pendent jurisdiction is a doctrine of jurisdictional discretion" and that, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (holding the district court possesses "inherent power to dismiss the case . . . provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met").

## Conclusion:

For the reasons discussed above, the court: DISMISSES WITHOUT PREJUDICE the action for lack of subject-matter jurisdiction or, to the extent plaintiff seeks to raise a § 1983 claim, for failure to state a claim upon which relief may be granted; DECLINES to exercise supplemental jurisdiction over any lingering state-law claims; and DIRECTS the clerk to close the case.

SO ORDERED this 11th day of June, 2024.

RICHARD E. MYERS II
Chief United States District Judge